JAMES A. BOTTONI, JR., Corporation Counsel, Washington County
You have requested my opinion as to whether an option agreement Washington County is negotiating with the owner of a proposed park site falls within the purview of ch. 67 of the Wisconsin Statutes.
As I understand it, the option agreement calls for five annual payments secured by a mortgage note. Interest is to be paid the grantor annually on the unpaid balance. The option agreement specifies that the county will apply for federal and state funding for portions of the project's cost. A prerequisite for such nonlocal funding is the establishment of a nonlapsing account sufficient to purchase the site. Since the county has already set aside the required fund, there is no apparent need to borrow money for the project. Nevertheless, the nature of the agreement causes you to inquire whether it is within the purview of ch. 67 or whether there are any *Page 310 
prohibitions against a county entering into an agreement providing for a deferred payment schedule secured by a mortgage note.
It is my opinion that the purchase agreement you describe does not fall within the ambit of ch. 67. Nor would it constitute a debt in the context of Art. XI, sec. 3, Wis. Const.
Chapter 67 regulates municipal borrowing. It authorizes municipal borrowing for enumerated purposes; codifies the constitutional debt limitation and exceptions thereto; and, specifies the procedure for borrowing when it is permissible. Section 67.03, Stats., provides, in part:
 "(1) Except as provided in s. 67.01 (8), municipalities may borrow money and issue municipal obligations therefor
only for the purposes and by the procedure specified in this chapter. The aggregate amount of indebtedness, including existing indebtedness, of any municipality shall not exceed 5% of the value of the taxable property located therein as equalized for state purposes except as follows: . . ." (Emphasis supplied.)
Although the agreement seems to fit within the broad definition of "municipal obligation" set out in sec. 67.01 (2), Stats., the obligation is not one incurred in the course of borrowing money. Consequently, ch. 67 does not apply. Furthermore, the transaction would not create an obligation subject to the more comprehensive debt limitations of Art. XI, sec. 3, Wis. Const.
Article XI, sec. 3, Wis. Const., provides, in part:
 ". . . No county, city, town, village, school district or other municipal corporation may become indebted in an amount that exceeds an allowable percentage of the taxable property located therein equalized for state purposes as provided by the legislature. In all cases the allowable percentage shall be five per centum except as follows: . . .
 "Any county, city, town, village, school district, or other municipal corporation incurring any indebtedness as aforesaid, shall before or at the time of doing so, provide for the collection of a direct annual tax sufficient to pay the interest on such debt as it falls due, and also to pay and discharge the principal *Page 311 
thereof within twenty years from the time of contracting the same; . . ."
Unlike ch. 67, Art. XI, sec. 3 is not limited to the borrowed money situation. It is conceptually applicable to all obligations to pay money or its equivalent. State ex rel. Owen v. Donald
(1915), 160 Wis. 21, 151 N.W. 331. But, "debt" has been construed so as to exempt various obligations which do not pose the danger of the abuses that Art. XI, sec. 3, was designed to prevent. See Kiernan, Wisconsin Municipal Indebtedness, Part I, The Power ToBecome Indebted And Its Limits, 1964 Wis. L.Rev. 173.
One such exception is the situation where there is money in the treasury to meet a liability at the time it is incurred. The general rule is stated in 15 McQuillin Mun. Corp. (3rd Ed.), sec. 41.20:
 "If at the time the obligation is created, there is money in the treasury sufficient to meet a liability, and which can be applied thereto when due, no indebtedness is incurred.[1] Thus, if when a city makes a contract, for a filtration plant for example, it has on hand funds available, that is, sufficient in amount to meet its obligations under the contract as they mature, obviously no indebtedness is thereby created. It is a cash transaction."
The footnote cites Earles v. Wells (1896), 94 Wis. 285,68 N.W. 964. In Earles, supra, the court held that a debt ostensibly incurred by a private party was in reality a municipal indebtedness. A private party constructed a waterworks to be leased to the city. The agreement provided that once municipal rental payments retired the builder's mortgage, title to the facility would pass to the city. In the course of its decision, the court exempted liabilities covered by money already in the treasury or imminently collectable from consideration as debt for purposes of Art. XI, sec. 3, Wis. Const.:
 "So long as the current expenses of the municipality are kept within the limits of the moneys and assets actually in the treasury, and the current revenues collected or in the process of immediate collection, the municipality may be fairly regarded as doing business on a cash basis, and not upon credit, — even though there may be for a short time some unpaid liabilities. . . . But the moment an indebtedness is voluntarily created `in any manner or for any purpose,' with no money or assets in the *Page 312 
treasury, nor current revenues collected or in process of collection for the payment of the same, that moment such debt must be considered in determining whether such municipality has or has not exceeded the constitutional limit of indebtedness." 94 Wis. at 298-299.
This distinction, albeit dicta in Earles, has been reiterated in numerous subsequent cases. In State ex rel. Warren v. Nusbaum
(1973), 59 Wis.2d 391, 428, 208 N.W.2d 780, the court utilized the following quote from State ex rel. Owen, supra:
 "`There is nothing particularly technical about the meaning of the word "debt" as used in the constitution. It includes all absolute obligations to pay money, or its equivalent, from funds to be provided, as distinguished from money presently available or in process of collection and so treatable as in hand. Earles v. Wells, 94 Wis. 285, 68 N.W. 964; Doon Tp. v. Cummins, 142 U.S. 366, 376, 12 Sup.Ct. 320.'" (Emphasis supplied.) 160 Wis. at 59.
Another exception from Art. XI, sec. 3, Wis. Const., which may be applicable is the exemption afforded obligations that do not encumber the municipality's general revenues nor assets owned prior to incurring the debt. Burnham v. City of Milwaukee (1897),98 Wis. 128, 73 N.W. 1018, held that an obligation is not a constitutional debt if it is neither payable from general revenues, nor secured by any asset owned by the municipality prior to incurring the debt. See also, sec. 67.03 (3), Stats., with respect to obligations to which ch. 67 is applicable.
Therefore, I conclude that since the option agreement does not involve borrowing money, the arrangement is not within the purview of ch. 67, Stats. Furthermore, if there is in the treasury a nonlapsing account sufficient to cover the entire obligation created by the agreement (or if the agreement clearly specifies that it does not encumber the county's general revenues or property owned prior to the transaction), it is not a debt subject to Art. XI, sec. 3, Wis. Const. Accordingly, the agreement is only subject to ch. 27, Stats., and other provisions regarding county acquisition of park lands.
RWW:CAB *Page 313